## JOSEPH E. READ *versus* JOHN BAYLIES.

An assignment by partners, of their joint and several property, in trust for such of their joint and several creditors as should become parties thereto, is valid as against an attaching joint creditor, if the amount of the demands of the joint creditors, who had become parties before the attachment, is sufficient to absorb all the property assigned.

REPLEVIN for certain property assigned to the plaintiff. The trial was before *Morton* J.

It appeared, that Joseph E. Read junior and Paddock R. Read, who were in partnership, under the firm of Joseph E. Read Jr. & Co., assigned their joint and several property to the plaintiff, in trust to sell the same and to apply the proceeds, after defraying expenses, &c. to the payment of the claims of the plaintiff and Abraham Bowen, and of such other creditors as should become parties to the assignment ; that Joseph E. Read junior was indebted severally to Bowen, at the time of the execution of the assignment, in the sum of about $ 100 ; that after the property had been delivered to the plaintiff, and the assignment had been executed by creditors of the firm, whose claims amounted to a larger sum, than the value of the property assigned, the defendant, who was a deputy sheriff, attached the property by virtue of a writ issued against the firm, in favor of William H. Allen.

It further appeared, that, on the day before the assignment was executed, two notes were signed by Joseph E. Read Jr. & Co., as principals, and the plaintiff and Bowen, as sureties,

Read
v.
Baylies.

for the sum of $1500 each, and substituted for two notes pre-
viously given for the same amount, but signed by Joseph .E.
Read junior as principal, and the plaintiff and Bowen, as
sureties, the substituted notes being antedated so as to conform
to the original notes ; that the original notes were given for
debts due from a former firm of which J. E. Read junior was
a member ; and that P. R. Read, upon becoming a partner of
J. E. Read junior, had agreed to pay one half of the notes.

If the Court should be of opinion, that the plaintiff was enti-
tled to recover, the defendant was to be defaulted ; otherwise,
the plaintiff was to be nonsuited.

*Oct. 28th.*

*Coffin* and *Clifford*, for the defendant, cited *Harris* v. *Sum-
ner*, 2 Pick. 129 ; *Phillips* v. *Bridge*, 11 Mass. R. 242 :
*Goodwin* v. *Richardson*, 11 Mass. R. 469 ; *Peirce* v. *Jack-
son*, 6 Mass. R. 242 ; *Fisk* v. *Herrick*, 6 Mass. R. 271 ;
*Widgery* v. *Haskell*, 5 Mass. R. 144.

*Warren, Battelle* and *Williams*, for the plaintiff, cited
*Adams* v. *Paige*, 7 Pick. 548 ; *Ridley* v. *Taylor*, 13 East,
180 ; *Andrews* v. *Ludlow*, 5 Pick. 28.

*Oct. 29th.*

SHAW C. J. delivered the opinion of the Court. This
is a question of property. The defendant, as a deputy sheriff,
attached the goods as the property of Joseph E. Read Jr.
& Co. ; and the plaintiff claims under a previous assignment,
made to him as trustee for the creditors of the same firm. The
plaintiff, therefore, must prevail, unless this assignment can be
shown to be void against an attaching creditor. And the ques-
tion here is, whether it is fraudulent upon its face, so that a
court can declare it void ; because, if it were a question de-
pending upon intent or purpose, not apparent upon the instru-
ment itself, it would be a question of fact, to be .tried by a jury.

One ground, on which it is contended that this assignment is
fraudulent, as against the partnership creditors, is, that shortly
before the assignment, two notes for $1500 each, were made
in the partnership name, and were signed by Read senior and
Bowen as sureties, which were given in the place of two notes
for the like amount, previously given by one of the partners
only, and antedated, to conform to those previous notes. If
these facts stood alone, they would be sufficient to excite sus-
picion of unfairness, and would be proper to lay before a jury

as evidence of fraudulent intent.   But the facts agreed explain the transaction, and rebut the charge of fraud against the partnership creditors.   It is agreed, that though the notes were given by one of the partners, they were for a partnership debt, and that Paddock R. Read, the other partner, on coming into the firm, had agreed to consider these partnership debts, and to pay his proportion of them as such.

The principal ground relied upon by the defendant, to impeach this assignment, is, that it purports to be an assignment both of partnership property, and of several property of the partners ; and it provides, that the proceeds shall be distributed amongst both partnership creditors and several creditors.   But this circumstance alone is not sufficient to invalidate the assignment ; to have that effect, it must be shown on the part of the attaching creditor, attaching as the creditor of the firm, that these provisions in the assignment would operate injuriously to him.   But it appears from the facts in the case, that the amount of the claims of partnership creditors, who had become parties to the assignment before the attachment, were more than sufficient to absorb all the partnership property assigned.   The debtors, by their voluntary conveyance, had a right to convey their partnership property, at a fair valuation, to pay such of their partnership debts as they chose to prefer, and under this right to prefer, they might well prefer those who would come in and become parties.   Such an assignment would be good and effectual against all other partnership creditors, who should attach the property, because the creditors under the assignment had an equal right with those attaching, to rely on the principle, that partnership property shall be first applied to the payment of partnership debts, and to obtain a preference, and being first in time, claiming under a good conveyance, made to trustees for their use, upon a good consideration, their title is prior in right. An attaching partnership creditor, then, has no right to complain, that the partnership creditors under the assignment, have consented to let in several creditors to share with them, because such a provision does not affect the rights of such attaching creditors.   The partnership creditors under the assignment would hold the whole of the property against an after attaching partnership creditor, because the whole would be no more than sufficient to satisfy their debts ; and, therefore, whether they

permit several creditors to come in and share with them or not, is wholly immaterial to other creditors. It is solely a question under the assignment, between the different classes of creditors, when they come to claim distribution, a question with which those claiming adversely to the assignment can have no concern. It may be likened to a case, where a debtor, owing more than he is able to pay, makes an assignment, with the usual stipulation, that all creditors who shall become parties within a limited time, shall have equal shares in the proceeds. Suppose the debts are $30,000, the value of the property, $10,000, and creditors to the amount of $12,000, execute the assignment. Then an attachment is made, and afterwards within the time limited, creditors to the amount of $10,000 more, become parties. Inasmuch as creditors to an amount exceeding the value of the property had become parties before the attachment, and inasmuch as, under the right of preference, these would have a right to hold the whole of the property against an attaching creditor, it cannot operate injuriously to such attaching creditor, that the preferred creditors under the assignment have consented to a stipulation, that those other creditors shall come in and share with them, the proceeds of the assigned property, although such other creditors should not thus become parties until after the attachment. It is a question merely amongst the parties to the assignment, how the proceeds shall be distributed, and does not affect the validity of the assignment as against other creditors not parties, who would attach the property and claim to hold it against the assignees.

There may be a question upon this assignment amongst the parties to it, whether, upon a distribution of the proceeds, the partnership property shall not first be applied to the payment of partnership debts, and the several property to pay several debts. This may be affected by the terms and stipulations of the instrument, that may constitute the rule which the parties may have made for themselves, and by which they might well modify and regulate their existing legal rights. We have not looked at this instrument with that view ; nor is it necessary, for the reasons already given. The Court are of opinion, that the assignment was valid and vested the property in the plaintiff, and that the attachment made by the defendant, in behalf of a creditor of the firm. cannot prevail.